## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

DEBBIE HINES,                                    Case No.:

        Plaintiff,

vs.

ZAKHEIM & ASSOCIATES, P.A.,

        Defendant.            /

> FILED by _KAL_ D.C.
>
> **MAR 0 9 2010**
>
> STEVEN M. LARIMORE
> CLERK U.S. DIST. CT.
> S.D. of FLA. – MIAMI

## DEFENDANT'S, ZAKHEIM & ASSOCIATES, NOTICE OF REMOVAL

Defendant, ZAKHEIM & ASSOCIATES, P.A., , hereby gives notice pursuant to 28 U.S.C. §§ 1331, and 28 U.S.C. §§ 1441 and 1446 that the case entitled Debbie Hines v. Zakheim & Associates, P.A., Case No. 3120-10-CC-020207 is being removed from the County Court, in and for Indian River County, Florida to the United States District Court for the Southern District of Florida. In support of this Notice, ZAKHEIM & ASSOCIATES, P.A. states:

1.      On or about February 2, 2010, Plaintiff, DEBBIE HINES, filed this action against Defendant ZAKHEIM & ASSOCIATES, P.A., in the County Court in and for Indian River County, Florida under the caption of Debbie Hines v. Zakheim & Associates, P.A., Case No. Case No. 3120-10-CC-020207. Plaintiff served Defendant with the Complaint on February 12, 2010 which is within thirty days of today's date. A copy of the Complaint, Summons and Answer filed in state court are attached hereto as Exhibits "A" , "B", and "C", respectively.

2.      Defendant ZAKHEIM & ASSOCIATES, P.A. has caused this Notice of Removal to be filed within 30 days from the service of the initial Complaint, thereby timely removing this case pursuant to 28 U.S.C. §1446(b).

Case No.:

3.     The Complaint consists of two counts alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 ("FDCPA"), and Florida Consumer Collection Practices Act, Fla. Stat. 559.72 ("FCCPA").

4.     28 U.S.C. §1441(b) provides as follows:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

5.     This action is a civil action and is one over which this Court has original subject matter jurisdiction under 28 U.S.C. §1331, and is an action that can be removed to this District Court pursuant to 28 U.S.C. §1441, as a result of Plaintiff alleging a violation of the FDCPA.

6.     A copy of this Notice will be served contemporaneously with the Clerk of the County Court in and for Indian River County, Florida.

WHEREFORE, Defendant, ZAKHEIM & ASSOCIATES, P.A., respectfully requests that this case proceed in this Court as an action properly removed to it.

_____

Barbara Fernandez
Florida Bar No. 0493767
David P. Hartnett
Florida Bar No. 946631
bfernandez@hinshawlaw.com
dhartnett@hinshawlaw.com
HINSHAW & CULBERTSON LLP
9155 S. Dadeland Boulevard
Suite 1600
Miami, Florida 33156-2741
Telephone: 305-358-7747
Facsimile: 305-577-1063
Attorneys for Defendant ZAKHEIM & ASSOCIATES, P.A.

14471444v1 908973 48154

Case No.:

## CERTIFICATE OF SERVICE

I hereby certify that on March 9, 2010, the foregoing was served via facsimile and U.S.

Mail upon Alex Weisberg, Esq., Florida Bar No. 056651, Weisberg & Meyers, LLC, 5722 South

Flamingo Road, Suite 656, Cooper City, FL   33330, Attorneys for Plaintiff.

Barbara Fernandez
Florida Bar No. 0493767
David P. Hartnett
Florida Bar No. 946631
bfernandez@hinshawlaw.com
dhartnett@hinshawlaw.com
HINSHAW & CULBERTSON LLP
9155 S. Dadeland Boulevard
Suite 1600
Miami, Florida 33156-2741
Telephone: 305-358-7747
Facsimile: 305-577-1063
Attorneys for Defendant ZAKHEIM & ASSOCIATES,
P.A.

14471444v1 908973 48154

# EXHIBIT A

IN THE COUNTY COURT IN AND FOR
INDIAN RIVER COUNTY, FLORIDA

CASE NO

DEBBIE HINES,

    Plaintiff,

v.

ZAKHEIM & ASSOCIATES, P.A.,

    Defendant

_____/

31201 0 CC02 02 07 XXXXXX

JUDGE JOE WILD

## COMPLAINT

NOW COMES the Plaintiff, DEBBIE HINES, by and through her attorneys, WEISBERG
& MEYERS, LLC, complaining against the Defendant, ZAKHEIM & ASSOCIATES, P A., and
alleging as follows:

## PRELIMINARY STATEMENT

1.    This is an action for actual and statutory damages for violations of the Fair Debt
Collection Practices Act (hereafter the "FDCPA"), 15 U.S.C. §1692, et seq. and the Florida
Consumer Collection Practices Act, Fla. Stat §559 72 (hereafter the "FCCPA").

## PARTIES

2    Plaintiff, DEBBIE HINES ("Plaintiff"), is a "consumer" as defined by the
FDCPA and FCCPA, who was at all relevant times residing in Indian River County, State of
Florida.

3.    At all relevant times herein, Defendant, ZAKHEIM & ASSOCIATES, P.A.
("Defendant") or ("ZAKHEIM") acted as a debt collector within the meaning of 15 U S.C.

§1692a(6) in that it held itself out to be a company collecting a consumer debt allegedly owed by the Plaintiff.

4.     Defendant is a corporation that is authorized to do business in Indian River County, Florida.

## ALLEGATIONS
## COUNT I
## VIOLATIONS OF THE FDCPA v. ZAKHEIM

5.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

6.     Defendant is a debt collector that has made at least one attempt to collect an alleged debt from the Plaintiff.

7.     Defendant regularly collects debts from consumers such as the Plaintiff.

8.     Plaintiff's first notice from Defendant in regard to the debt at issue was when Plaintiff was served with a lawsuit that had been filed by the Defendant, on or about March 13, 2009.

9.     On March 25, 2009, Plaintiff sent a letter to the Defendant stating that she was disputing the debt and requesting written validation of the debt.  (See letter dated March 25, 2009, attached hereto as Exhibit "A").

10.     Prior to being served with the aforementioned lawsuit, Plaintiff never received notice of any kind from Defendant as required by § 1692g(a), and thus Plaintiff maintained her right to obtain validation of the debt upon a written dispute.

11     Defendant was required to cease all further attempts to collect the debt until it provided validation of the debt to Plaintiff, but instead Defendant did not provide the validation and continued to prosecute the lawsuit against Plaintiff without interruption

12.    Defendant has attempted to collect a false and inflated amount of money from the Plaintiff, in that Defendant has failed and/or refused to account for payments made by Plaintiff's husband while Plaintiff was in the hospital.

13.    Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 in one or more of the following ways:

a.    After having received a written communication from Plaintiff disputing the debt, continuing to contact Plaintiff without having first having provided validation of the debt in violation of 15 U.S.C. §1692g(b);

b.    Falsely representing the character, amount, or legal status of Plaintiff's debt, including failing to account for payments made on the debt in violation of 15 U.S.C. §1692e(2)(a); and

c.    Was otherwise deceptive and failed to comply with the Fair Debt Collection Practices Act.

14.    As a result of the above violations of the FDCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

WHEREFORE, Plaintiff, DEBBIE HINES, by and through her attorneys, respectfully prays for judgment as follows:

a.    All actual compensatory damages suffered;

b.    Emotional and/or mental anguish damages;

c.    Statutory damages of $1,000.00;

d.    Plaintiff's attorneys' fees and costs;

e.      Any other relief deemed appropriate by this Honorable Court.

## COUNT II
## VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION
## PRACTICES ACT AGAINST ZAKHEIM

15.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

16.    Defendant violated the Florida Consumer Collection Practices Act, Fla. Stat. §559.72 in one or more of the following ways:

a.      Claimed, attempted, or threatened to enforce a debt while knowing that the debt was not legitimate or asserted the existence of some other legal right while knowing that the right did not exist in violation of Fla. Stat. §559.72(9); and

b.      Was otherwise deceptive and failed to comply with the Florida Consumer Collection Practices Act.

17     As a result of the above statutory violations, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

WHEREFORE, Plaintiff, DEBBIE HINES, by and through her attorneys, respectfully prays for judgment as follows:

a      All actual compensatory damages suffered;

b.      Emotional and/or mental anguish damages;

c.      Punitive damages:

d.      Statutory damages of $1,000.00;

e.      Plaintiff's attorneys' fees and costs;

f.     Any other relief deemed appropriate by this Honorable Court.

*** *PLAINTIFF REQUESTS A TRIAL BY JURY* ***

ALEX D. WEISBERG
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFF
5722 S. Flamingo Road, Ste. 656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax

By: _____
         Alex D. Weisberg, Esq.
         FBN: 0566551

**EXHIBIT A**

DEBBIE DAY HINES
7592 14 Lane
Vero Beach, Florida 32966
772-562-0478

March 25, 2009

*Certified Mail*
*Return Receipt Requested*

Sabine Michel, Esquire
Zaheim & Associates, PA
1045 S. University Drive, Suite 202
Plantation, FL 33324

      Re: Citibank v. Hines
         Case No. 2009-0441 CA 04

Dear Ms. Michel:

I am in receipt of your Complaint and enclosed herewith a copy of my Answer and Affirmative Defenses, Request for Admissions, and Request for Production of Documents filed with the Court.

Please be advised that this is a disputed debt and under the Fair Debt Collection Practices Act, I have the right to request and you are required to provide me with validation of the alleged debt, *including but not limited to any and all documentation providing your company the right to collect such alleged debt, a complete payment history documented, and a copy of the original loan contract*.

In addition, I request to take the deposition of Ms. Shauna Houghton, representative of Citibank, within the next 60 days upon receipt of the validation documents.

Your prompt attention to this matter is greatly appreciated.

Sincerely,

Debbie Day Hines

Encl:
    Defendant's Answer and Affirmative Defenses
    Defendant's Request for Production of Documents
    Defendant's Request for Admissions

USPS - Track & Confirm

Page 1 of 1


**UNITED STATES POSTAL SERVICE**₀

Home | Help | Sign In

Track & Confirm          FAQs

## Track & Confirm

### Search Results

Label/Receipt Number: 7007 0710 0005 3491 1317
Status: Delivered

Your item was delivered at 11:47 am on March 30, 2009 in FORT
LAUDERDALE, FL 33324. A proof of delivery record may be available
through your local Post Office for a fee.

Additional information for this item is stored in files offline.

( Restore Offline Details > ) (?)    ( Return to USPS.com Home > )

Track & Confirm

Enter Label/Receipt Number

( Go > )

Site Map    Customer Service    Forms    Gov't Services    Careers    Privacy Policy    Terms of Use    Business Customer Gateway

Copyright© 2009 USPS  All Rights Reserved    No FEAR Act EEO Data    FOIA



# EXHIBIT B

IN THE COUNTY COURT IN AND FOR
INDIAN RIVER COUNTY, FLORIDA

CASE NO.    3120 1 0 CC02 02 0 7 XXXXXX

*JUDGE JOE WILD*

DEBBIE HINES,

              Plaintiff,

v.

ZAKHEIM & ASSOCIATES, P.A.,

              Defendant.

_____/

**PLEASE SERVE:**
ZAKHEIM & ASSOCIATES
c/o Scott C. Zakheim
1045 South University Drive, #202
Plantation, FL 33324

*F A 824*
*2-12-10*
*11:14 Am*

## SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this summons, a copy of the complaint or petition in this action on defendant **ZAKHEIM & ASSOCIATES, P.A.**

    Each defendant is required to serve written defenses to the complaint or petition on **Alex D Weisberg**, plaintiff's attorney, whose address is **5722 South Flamingo Road, Cooper City, FL 33330**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

    DATED on *February 2nd 2010*

                               J.K. Barton
                             As Clerk of the Court
                             By _____
                             As Deputy Clerk

ALEX D. WEISBERG
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFF
5722 South Flamingo Road, Ste. 656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax

# EXHIBIT C

IN THE COUNTY COURT IN AND FOR
INDIAN RIVER COUNTY, FLORIDA

CASE NO.: 3120-10-CC-020207

DEBBIE HINES,

        Plaintiff,

vs.

ZAKHEIM & ASSOCIATES, P.A.,

        Defendant.           /

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, ZAKHEIM & ASSOCIATES, P.A., by and through undersigned counsel, hereby serves its Answer and Affirmative Defenses to Complaint, and states:

### PRELIMINARY STATEMENT

1.     In response to Paragraph 1 of the Complaint, Defendant admits that Plaintiff purports to allege an action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. and Florida Consumer Collection Practices Act, Fla. Stat. §559.72 ("FCCPA"). This Defendant denies that it is liable to Plaintiff. All other allegations are denied.

### PARTIES

2.     Defendant is without knowledge as to the allegations contained in Paragraph 2 of the Complaint, and therefore, denies same.

3.     In response to Paragraph 3 of the Complaint, Defendant admits that it is sometimes construed as a "debt collector" as defined in the FDCPA and FCCPA. Defendant further admits that it uses the mail and telephone and admits that its business includes collecting amounts owed; but it is without knowledge as to whether the underlying amount at issue is a "debt" as defined by the FDCPA and FCCPA. All other allegations are denied.

Case No.: 3120-10-CC-020207

4.      Defendant admits the allegations contained in Paragraph 4 of the Complaint.

## ALLEGATIONS

### COUNT I
### VIOLATIONS OF THE FDCPA V. Z & A

5.      In response to the allegations in Paragraph 5 of the Complaint, Defendant repeats and re-alleges each and every answer given in response to the allegations contained in Paragraphs 1 through 4 of the Complaint.

6.      In response to Paragraphs 6 and 7 of the Complaint, Defendant admits that it is sometimes construed as a "debt collector" as defined in the FDCPA and FCCPA.  Defendant is without knowledge as to whether the underlying amount at issue is a "debt" as defined by the FDCPA and FCCPA.  All other allegations are denied.

7.      Defendant denies the allegations contained in Paragraph 8 of the Complaint.

8.      Defendant denies the allegations contained in Paragraph 9 of the Complaint.

9.      Defendant denies the allegations contained in Paragraph 10 of the Complaint.

10.      Defendant denies the allegations contained in Paragraph 11 of the Complaint.

11.      Defendant denies the allegations contained in Paragraph 12 of the Complaint, including all subparts.

12.      Defendant denies the allegations contained in Paragraph 13 of the Complaint.

13.      Defendant denies the allegations contained in Paragraph 14 of the Complaint.

### COUNT II
### VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION
### PRACTICES ACT AGAINST ZAKHEIM

14.      In response to the allegations in Paragraph 15 of the Complaint, Defendant repeats and re-alleges each and every answer given in response to the allegations contained in Paragraphs 1 through 4 of the Complaint.

2

14471059v1908973 48154

15.     Defendant denies the allegations contained in Paragraph 16 of the Complaint, including all subparts.

16.     Defendant denies the allegations contained in Paragraph 17 of the Complaint.

## AFFIRMATIVE DEFENSES

1.      Defendant states that if it violated the Fair Debt Collection Practices Act ("FDCPA") and Florida Consumer Collection Practices Act ("FCCPA"), which it denies, the violation was unintentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such an error.

2.      Plaintiffs' claims for emotional distress damages are not recoverable under Florida or Federal law.

3.      Plaintiff's claims are barred or diminished due to Plaintiff's failure to mitigate damages.

4.      Defendant states that Plaintiff fails to state a claim pursuant to 15 U.S.C. §§ 1692e(11) of the FDCPA or any other statute or section because the messages described in the Complaint are not communications as a matter of law and are not otherwise violative of the FDCPA. *See e.g. Biggs v. Credit Collections, Inc.*, 2007 WL 4034997 (W.D. Okla., Nov. 15, 2007).

5.      Plaintiff's claims are barred or diminished because Plaintiff was informed or otherwise knew that the alleged messages were from a debt collector.

6.      Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations.

7.      Defendant reserves the right to issue additional affirmative defenses which cannot be articulated at this time.

3

Case No.: 3120-10-CC-020207

8.     Defendant has retained the law firm of Hinshaw & Culbertson LLP to represent its interests and is obligated to pay such firm attorney's fees related to the same.

WHEREFORE, Defendant, ZAKHEIM & ASSOCIATES, P.A., respectfully requests that this Court enter a judgment in favor of Defendant and against Plaintiffs, and that this Court award costs and attorney's fees  pursuant to 28 U.S.C. §§ 1920, 1927, 15 U.S.C. § 1692k, and Fla. Stat. §§ 559.77 and 57.105 in favor of Defendant, and award any other relief in favor of Defendant that this Court deems just and appropriate.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via facsimile and U.S. Mail on March 4, 2010 to Alex Weisberg, Esq., Florida Bar No. 056651,Weisberg & Meyers, LLC, 5722 South Flamingo Road, Suite 656, Cooper City, FL 33330, Attorneys for Plaintiff.

HINSHAW & CULBERTSON LLP


Barbara Fernandez
Florida Bar No. 0493767
David P. Hartnett
Florida Bar No. 946631
9155 S. Dadeland Boulevard
Suite 1600
Miami, FL 33156-2741
Telephone:  305-358-7747
Facsimile: 305-577-1063
Attorneys for Defendant ZAKHEIM &
ASSOCIATES, P.A.

4

14471059v1908973 48154



**ATTORNEYS AT LAW**
P.O. Box 569009
9155 South Dadeland Boulevard
Suite 1600
Miami, FL 33256-9009

T 305-358-7747
F 305-577-1063
www.hinshawlaw.com

## MARCH 4, 2010

## FACSIMILE TRANSMISSION

| TO: | COMPANY: | FAX NO.: | PHONE NO.: |
|-----|----------|----------|------------|
| Alex Weisberg, Esquire | Weisberg & Meyers, LLC | 866 577 0963 | 954 212-2184 |

**FROM:**   Barbara Fernandez            **USER ID:**   A2022

**MATTER NAME:**   Debbie Hines vs- Zakheim & Associates      **MATTER NO.:**   908973

**NO. OF PAGES (including this Cover):**  5   **SENDING OPERATOR:**   Doreen Connolly

**COMMENTS, IF ANY:**

*MAR - 4 2010*

**HARD COPY:   Will be forwarded via U.S. Mail**

If you do not receive the number of pages listed above, please call 305-358-7747.  The documents that accompany this facsimile contain confidential and privileged information and are intended solely for the use of the individual or entity to whom this transmission is directed.  Any disclosure of the information herein is unauthorized and strictly prohibited.  If you are not the intended recipient of this facsimile, please respond by facsimile to the number above or call the sending operator at our expense immediately so that we may arrange for the return of this document to us at no cost to you.  Thank you.

Hinshaw & Culbertson LLP is an Illinois registered limited liability partnership that has elected to be governed by the Illinois Uniform Partnership Act (1997).

** Transmit Conf. Report **

P.1                                                              Mar  4 2010  14:41

| Fax/Phone Number | Mode | Start | Time | Page | Result | Note |
|---|---|---|---|---|---|---|
| 918665770963#5044 | NORMAL | 4,14:41 | 1'03" | 5 | # O K | |



### HINSHAW
A CULBERTSON LLP

ATTORNEYS AT LAW
P.O. Box 509009
9155 South Dadeland Boulevard
Suite 1600
Miami, FL 33256-0000

T 305-358-7747
F 305 577 1063
www.hinshawlaw.com

**MARCH 4, 2010**

**FACSIMILE TRANSMISSION**

TO:                   COMPANY:               FAX NO.:        PHONE NO.:
Alex Weisberg, Esquire   Weisberg & Meyers, LLC   866 577 0963    954 212-2184

FROM:   Barbara Fernandez          USER ID:   A2022

MATTER NAME:   Debbie Hines vs- Zakheim & Associates      MATTER NO.:   908973

NO. OF PAGES (including this Cover):   5   SENDING OPERATOR:   Doreen Connolly

COMMENTS, IF ANY:

HARD COPY: Will be forwarded via U.S. Mail
If you do not receive the number of pages listed above, please call 305 358-7747. The documents that accompany this facsimile contain confidential and privileged information and are intended solely for the use of the individual or entity to whom this transmission is directed. Any disclosure of the information herein is unauthorized and strictly prohibited. If you are not the intended recipient of this facsimile, please respond by facsimile to the number above or call the sending operator at our expense immediately so that we may arrange for the return of this document to us at no cost to you. Thank you.

Hinshaw & Culbertson LLP is an Illinois registered limited liability partnership that has elected to be governed by the Illinois Uniform Partnership Act (1997)